MATTINGBY v. CLINE.

It is not necessary to entitle a plea in any court, as the plea will be considered as having reference to the declaration, which must necessarily be in the same court as the plea ; but if the plea is entitled in the "county court," it will not be considered as having reference to a declaration filed in the "circuit court."

Appeal from St. Louis Circuit Court.

KING & MURDOCK for Appellant.

NABB & HOLMES for Appellee.

*Opinion of the Court, delivered by Scott, Judge.*

Mattingby brought an action of replevin against Cline for a mare. Cline appeared, and filed two pleas ; first, that he did not take the mare, and tendered an issue ; secondly, that the property in the mare was in himself, and concluded with a verification. These pleas were filed at the July term, 1840, and entitled in the St. Louis county court ; and, afterwards, at the July term, 1841, the plaintiff was nonsuited for failing to reply to the second plea, and appealed to this court.

We are not apprised of any statute or principle which requires that a plea shall be entitled in any court, and the omission of the statement of the court, does not seem to be material, as the plea would be considered as having reference to the declaration, which must necessarily have been in the same court as the plea. Chitty's Pleadings, 582. Had the plea in this cause not been entitled, it should have been allowed the benefit of this presumption. But as it was entitled, and entitled in the St. Louis county court, it could not be considered as having reference to a declaration filed in the St. Louis circuit court. The plaintiff, after the plea was filed, never took any step in the cause, from which it could be inferred he waived the irregularity.

The defendant then having no plea on the record, which the plaintiff was bound to notice, was not in a situation to call on the court to nonsuit him. He had committed the

first blunder; the plaintiff had never waived it by any subsequent proceeding; it was then with a very ill grace that he asked the court to nonsuit the plaintiff for not replying to a plea which he was not bound to notice.

Judgment reversed.